HOWARD W. MILLER, PLAINTIFF-RESPONDENT, v. I. P. THOMAS & SON COMPANY, DEFENDANT-APPELLANT.

Submitted March 27, 1916—Decided June 19, 1916.

On appeal from the Supreme Court, in which the following *per curiam* was filed:

"This was an action to recover for damages done to the growing crops on the plaintiff's farm by the noxious gases and vapors emitted from the factory of the defendant. There was a verdict for the plaintiff and judgment thereon.

"The first ground assigned for reversal is that the court refused to charge the following request: 'The injury must be clear, direct and positive. It must be the legitimate and natural result of the nuisance charged and in no essential degree the result of other artificial causes. If the injury is in part the result of other causes, the action must fail, unless it be clearly established that the injury would not have resulted except for the vapors. So, too, the injury must be of a tangible character. It must be a sensible injury, discernible to an ordinary person, and nowise dependent upon scientific tests or microscopic examinations to discover. The injury must be such as is apparent to the eye in its ordinary

condition, and must be actual and substantial, and not contingent, prospective or remote, and must be clearly traceable to the nuisance charged. If there is a reasonable doubt as to the cause of the injury, the benefit of the doubt will be given to the defendant if his trade is a lawful one, and the injury is not the necessary and natural consequence of the act, as in all actions of this nature the burden of proof is upon the plaintiff.'

"The legal impropriety of this request is apparent. It involves a series of unconnected legal principles, some of which were applicable to the case, and some of which were not. That part of it which asserts that the defendant is entitled to the benefit of a reasonable doubt as to the cause of the injury means, as we understand it, that the plaintiff was bound to prove his case beyond a reasonable doubt in order to recover. This we conceive not to be the law in cases of this character. Moreover, all of the propositions contained in this request which were sound, and which had any relevancy to the case as made before the jury, were charged by the trial court.

"It is further contended that the court erred in admitting testimony of the emission of noxious fumes and gases on dates other than those specifically set forth in the complaint. The complaint alleged that the defendant on the 21st day of May, 1909, and on other specified dates in that month, in the month of June, the month of July of that year, and on other specified dates in the month of May, 1911, 'and on divers other days and times between the first date aforesaid and the commencement of the suit,' caused these noxious fumes and gases to be emitted to the damage of the plaintiff. All of the testimony admitted was confined within the period between May 21st, 1909, and the beginning of the suit, and was properly received.

"Lastly, it is asserted that it was improper for the court to permit the plaintiff's counsel, on the cross-examination of one Albertson, a witness produced by the defendant, to ask him whether he had ever collected anything from the defendant company for damages that their fumes and gases had done to

his crops. The argument is that this raised a harmful issue entirely immaterial to the issue set forth in the pleadings. But counsel seems to have overlooked the fact that the witness had already testified on his direct examination that the fumes and vapors coming from defendant's factory across his orchard were not at all injurious to his crops, or to the trees that bore them. The cross-examination was manifestly competent as tending to discredit this testimony.

"The judgment under review will be affirmed."

For the defendant-appellant, *Gaskill & Gaskill.*

For the plaintiff-respondent, *John Boyd Avis.*

PER CURIAM.

The judgment under review will be affirmed, for the reasons set forth in the opinion of the Supreme Court.

*For affirmance*—THE CHANCELLOR, GARRISON, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, WHITE, TERHUNE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ. 13.

*For reversal*—None.